**Marlenis SMART, Plaintiff–Appellant,**

v.

**CITY OF MIAMI BEACH, FLORIDA, a political subdivision, Defendant–Appellee.**

No. 13–11452.

United States Court of Appeals, Eleventh Circuit.

May 28, 2014.

Beresford A. Landers, Jr., Law Offices of Beresford A. Landers, Jr., PLLC, North Miami, FL, for Plaintiff–Appellant.

Donald Mark Papy, Robert F. Rosenwald, Office of the City Attorney, Miami Beach, FL, Brian Koji, Allen Norton & Blue, P.A., Tampa, FL, Susan Potter Norton, Brigid Ann Patrick, Allen Norton & Blue, P.A., Coral Gables, FL, for Defendant–Appellee.

Before MARCUS and ANDERSON, Circuit Judges, and TREADWELL,[*] District Judge.

PER CURIAM:

We have heard oral argument, and have carefully reviewed the briefs and relevant parts of the record. We conclude that the judgment of the district court granting the City's motion for judgment as a matter of law should be affirmed. For the reasons articulated by the district court in Part A.1 and 2 of its Omnibus Order Regarding Defendant's Post–Trial Motions (Docket 218 at pages 7–16), supplemented by the reasons fully discussed at oral argument,[1] we conclude that the evidence at trial was not sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment.

Accordingly, the judgment for the City, entered by the district court notwithstanding the verdict, is

AFFIRMED.[2]

---

\* Honorable Marc T. Treadwell, United States District Judge for the Middle District of Georgia, sitting by designation.

**1.** For example, at oral argument, it was noted that the district court may have erred in suggesting that the number of gender-based remarks were only three or four. Nevertheless, there were very few, and fewer still that were egregious (e.g., the single "bimbo" and the two "cunt" remarks which we note gave rise to a prompt reprimand.) We agree with the district court that the incidents were far short of severe or pervasive.

**2.** Our disposition makes it unnecessary to rule upon the other issues raised in the briefs of the parties.